# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

VICTOR A. PENINGER                                                                                   PLAINTIFF
ADC #139637

V.                                          NO: 3:07CV00155 SWW/HDY

BART ZIEIENHORN *et al.*                                                                        DEFENDANTS


## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.     Why the record made before the Magistrate Judge is inadequate.
    2.     Why the evidence proffered at the hearing before the District
           Judge  (if such a  hearing is granted)  was not  offered at  the

    hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

  Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite 402
    Little Rock, AR 72201-3325

## **DISPOSITION**

  Plaintiff, an inmate at the Varner Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on October 23, 2007, asserting claims against his public defender, and the prosecuting attorney, who were involved in his criminal case. Because Plaintiff has failed to state a claim upon which relief may be granted, his complaint should be dismissed.

## **I. Screening**

  Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only

if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not be merely conclusory in its allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II. Analysis of Plaintiff's claims

Plaintiff has named as Defendants only Bart Zieienhorn, a public defender, and Melanie Alsworth, a prosecuting attorney. Plaintiff apparently believes Zieienhorn did not investigate his case thoroughly enough, or effectively represent him, and that Alsworth treated him more harshly than other similarly charged criminal defendants. Because Zieienhorn is not a state actor, and Alsworth has immunity from suit, Plaintiff's complaint must be dismissed.

*A. Defendant Zieienhorn*

To state a cognizable claim for money damages under 42 U.S.C. § 1983, Plaintiff must allege that the conduct of a defendant acting "under color of state law" deprived him of a right, privilege, or immunity secured by the federal Constitution or laws of the United States. 42 U.S.C. § 1983; *Hamilton v. Schriro*, 74 F.3d 1545, 1549 (8th Cir. 1996). An attorney, even an appointed public defender, does not act under color of state law when performing the traditional functions of a defense counsel. *Polk County v. Dodson*, 454 U.S. 312, 320 (1981) ("[I]t is the function of the public defender to enter 'not guilty' pleas, move to suppress State's evidence, object to evidence at trial,

cross-examine State's witnesses, and make closing arguments in behalf of defendants. All of these are adversarial functions"). Plaintiff's complaints about his defense counsel concern functions that a lawyer would traditionally perform as an advocate for a client in a criminal defense action. Thus, Plaintiff's allegations cannot support a claim for relief against Zieienhorn.

*B. Defendant Alsworth*

Prosecutors are immune from civil rights claims that are based on actions taken in the performance of their prosecutorial duties. *See Imbler v. Pachtman*, 424 U.S. 409, 427-28, (1976); *Patterson v. Von Riesen*, 999 F.2d 1235, 1237 (8th Cir.1993); *Snelling v. Westhof*, 972 F.2d 199, 200 (8th Cir.1992). When a prosecutor is acting as advocate for the state in a criminal prosecution, then the prosecutor is entitled to absolute immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process. *Id.*; *Imbler* at 430-31. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir.1996)(noting that where the prosecutor is acting as an advocate for the state in a criminal prosecution, the prosecutor is entitled to absolute immunity). Alsworth is entitled to prosecutorial immunity for the decisions and actions she took in prosecuting Plaintiff. Thus, Plaintiff's claims against her must fail.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's complaint (docket entry #2) be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2.      This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment

dismissing this action be considered frivolous and not in good faith.

    DATED this ___17___ day of December, 2007.

                                                        _____
                                                         UNITED STATES MAGISTRATE JUDGE